## MOULTRY *v.* THE STATE.

Two men walking together along the street of a city, one of them went through an open door into a house and brought out an overcoat, the other waiting for him or else walking on slowly; the one who took the coat rejoined the other, put on the coat, and they walked down the street together; being pursued and the cry "You stole that coat!" heard, the coat was pulled off and thrown down in the street, and he who had it ran, the other did not run; but in an hour afterwards the two were again seen to-

gether: *Held,* that this evidence, though not altogether satis-
factory to the minds of the reviewing court, is sufficient to
warrant the jury in finding that the one who did not enter the
house was an accomplice of the other and was guilty equally with
him of the larceny, the coat having been in fact stolen, and the
presiding judge having approved the verdict. *Judgment affirmed.*
May 16, 1892. By two Justices.

Criminal law. Larceny. Accomplice. Before Judge
WESTMORELAND. Criminal court of Atlanta. September
term, 1891.

Moultry was tried upon an accusation of larceny from
the house. He was found guilty; his motion for new
trial was overruled, and he excepted. The motion con-
tained the grounds that the verdict was contrary to law,
evidence, etc.; that the court erred in refusing to charge
the jury, as requested by defendant's counsel during his
argument, the rule of law as to circumstantial evidence,
to the effect that to authorize the jury to convict upon
circumstantial evidence, the evidence must be .such as to
exclude every reasonable hypothesis except that of the
guilt of the accused; and that the court erred in charg-
ing: "If you are satisfied from the evidence, that the
defendant went in company with another (Moses Greer)
to the residence of the prosecutor, with the common in-
tent to steal, and that the property, as described in the
accusation, was taken from the house of the prosecutor
with the intent to steal the same by Moses Greer, and
the defendant remained outside watching, abetting and
aiding in the theft, he would be equally guilty with
Greer, and you would be authorized so to find."

The evidence, briefly stated, was: A servant of the
prosecutor left the front door of his house open, and
going back to shut it missed the coat. She looked out
the window and saw defendant and another come across
the door, saw the door was open and the overcoat gone.
Seeing defendant and the other near, she ran out in pur-
suit of them. She saw the person who was with de-

fendant with the overcoat on, and called to him that he had stolen that coat; he pulled it off, threw it down on the sidewalk and ran away. As she came up to where defendant and the man with the coat on him had been, she picked up a rock and told defendant not to touch that coat, and then ran on in pursuit of the one who had pulled off the overcoat, but he got away. She could not say that defendant made any attempt to take the overcoat. Defendant did not interfere with her in any way, nor did he attempt to escape. He told her by going around the square another way she could probably head off the man, Moses Greer, who had pulled off the overcoat and run away. About an hour later she saw defendant and the other man coming along together and reported them to the police.

The defendant stated: He had been out to where some work was going on to see if he could get a job, but had failed. He met up with Moses Greer and they came along together until they got to a house where Greer said he was going in, that a girl had told him there was an overcoat there they wanted to sell. Defendant went on towards the corner of the street and soon saw Greer coming with an overcoat. When he got to the corner where defendant was he put it on, and they started along the street and had gone but a short distance when they heard a woman who had just turned the street corner, calling out, "You stole that coat!" He called the other's attention to the woman and asked him what she meant, who, as soon as he saw the woman coming and calling out that way, pulled off the coat and ran away. The woman stopped and picked up a rock before she came to where defendant was standing near the overcoat, and told him not to touch that coat. She pursued the other fellow but could not overtake him. Defendant told her, if she would turn around the corner the other way she might head him off. She then took the

overcoat and carried it back. That is all defendant knows about it. He did not go into the house when the other fellow took the overcoat, had no idea he was going in there to steal an overcoat or anything else, as he had told defendant he was going in there to look at an overcoat a girl had told him they wanted to sell.

GEORGE S. THOMAS, for plaintiff in error.

LEWIS W. THOMAS, solicitor, *contra.*